The NATIONAL ASBESTOS WORKERS MEDICAL FUND, et al., Plaintiffs,

v.

PHILIP MORRIS INC., et al., Defendants.

No. 98 CV 1492.

United States District Court, E.D. New York.

Oct. 19, 1998.

**322**

Law Office of Peter G. Angelos, P.C. by H. Russell Smouse, E. David Hoskins, Kenneth D. Pack, Baltimore, MD, O'Donoghue & O'Donoghue by Sally M. Tedrow, Washington, D.C., Howell, Gately, Whitney & Carter, LLP by H. Thomas Howell, Towson, MD, for the plaintiffs.

Kirkland & Ellis by Kenneth N. Bass, Jennifer G. Gardner, Washington, DC, for defendants Brown & Williamson Tobacco Corp. (individually and as successor by merger to The American Tobacco Co.), Fortune Brands, Inc. (formerly American Brands, Inc.), and Batus Holdings, Inc.

Wachtell, Lipton, Rosen & Katz by Steven M. Barna, New York City, for defendant Philip Morris, Inc.

Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel by Alan Mansfield, New York City, for defendants Lorillard Tobacco Co., Lorillard, Inc., and Loews Corp.

Debevoise & Plimpton by Harry Zirlin, New York City, for defendant Council for Tobacco Research, U.S.A., Inc.

Riker, Danzig, Scherer, Hyland & Perretti, LLP, Morristown, NJ, for defendants R.J. Reynolds Tobacco Co., and RJR Nabisco, Inc.

Davis & Gilbert LLP, New York City, for defendant Hill & Knowlton, Inc.

Seward & Kissel, New York City, for defendant The Tobacco Institute, Inc.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Plaintiffs are eight self-insured, multi-employer health and welfare trust funds (the "trusts"), and a purported class of approximately 4,000 similarly situated trusts. They provide health care benefits to union workers in the building trades. The trusts were established pursuant to the Labor Management Relations Act, 29 U.S.C. § 186 (1994). They are regulated by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. (1994). Alleged by plaintiffs are violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a), (c), & (d), and federal common law claims for unjust enrichment-restitution, indemnity, and breach of an assumed duty.

Defendants are the major tobacco manufacturers and related entities. They move to dismiss on the pleadings. Supporting their motion to dismiss, defendants have pointed to persuasive pre-ERISA authority based on state insurance and tort common and statutory law.

Pre–ERISA precedents may have little relevance in the instant case. Trusts such as the plaintiffs are governed by the requirements of ERISA, not by inconsistent state regulation or state common law. Pursuant to ERISA's comprehensive preemption provisions federal courts must now "develop a 'federal common law of rights and obligations.'" *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). The courts must "fashion ... a federal common law for ERISA by incorporating what has long been embedded in traditional trust law and equity jurisprudence." *Chemung Canal Trust Co. v. Sovran Bank,* 939 F.2d 12, 16 (2d Cir. 1991), *cert. denied,* 505 U.S. 1212, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992). Equitable powers of the judiciary—both state and federal—to fill lacunae in substantive and procedural rules affecting trusts is predicated upon the inherent powers of the chancellor, and more recent statutory and case law. *See, e.g., In re Joint Eastern & Southern Dist. Asbestos Litigation (Johns–Manville Corp.),* 878 F.Supp. 473, 515–40 (E. & S.D.N.Y.1995), (central role of equity jurisdiction in the law of trusts from medieval England to present), *aff'd in part and vacat-*

*ed in part on other grounds*, 78 F.3d 764 (2d Cir.1996).

The public policy objectives of RICO intersect with those of ERISA. Both are implicated in the current explication of federal ERISA based trust law designed to preserve funds set aside for the protection of workers' medical and other needs. Illustrative of the current developing state of the law governing this dispute are the conflicting decisions in cases much like the one now before us. *Compare Kentucky Laborers District Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.*, 24 F.Supp.2d 755 (W.D.Ky. 1998) (denying defendant tobacco companies' motion to dismiss with respect to RICO and fraud claims); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F.Supp.2d 771 (N.D.Ohio 1998) (denying defendant tobacco companies' motion to dismiss with respect to RICO, antitrust, civil conspiracy, and state law corruption claims); *New Jersey Carpenters Health Fund v. Philip Morris, Inc.*, 17 F.Supp.2d 324 (D.N.J.1998) (denying defendant tobacco companies' motion to dismiss with respect to RICO and fraud claims directed at trust funds); *Stationary Engineers Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.*, No. C–97–01519 DLJ, 1998 WL 476265 (N.D.Cal. Apr.30, 1998) (denying defendant tobacco companies' motion to dismiss claims with respect to claims for fraud and negligent breach of special duty); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 7 F.Supp.2d 277 (S.D.N.Y.1998) (denying defendant tobacco companies' motion to dismiss with respect to RICO claims and common law claims for fraud and breach of special duty) (appeal granted July 14, 1998, No. 98–7944 (2d Cir.)); *West Virginia Laborers' Pension Trust Fund v. Philip Morris, Inc.*, No. 3:97–0708 (S.D.W.Va. Aug. 12, 1998) (denying defendant tobacco companies' motion to dismiss *in toto* ) *with Texas Carpenters Health Benefit Fund v. Philip Morris, Inc.*, 21 F.Supp.2d 664 (E.D.Tex.1998) (granting defendants' motion to dismiss RICO, antitrust, and state common law claims *in toto* ); *Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 17 F.Supp.2d 1170 (D.Or.1998) (same); *Seafarers Welfare Plan v. Philip Morris, Inc.*, No. MJG–97–2127 (D.Ma. July 13, 1998)

(same); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, No. CIV 97–5344, 1998 WL 212846 (E.D.Pa. Apr.22, 1998) (same); *Southeast Fla. Laborers Dist. Health & Welfare Trust Fund v. Philip Morris, Inc.*, No. 97–8715 CIV, 1998 WL 186878 (S.D.Fla. Apr.13, 1998) (same); *cf. Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F.Supp.2d 384 (S.D.N.Y.1998) (on motion to remand, incomplete preemption of some state claims).

Given the unsettled state of the law, resolution of the plaintiffs' claims and defendants' defenses should not be decided in the abstract, but in the context of specific facts which must be developed in the record. All of plaintiffs' claims will proceed promptly to summary judgment or trial.

Defendants' motion to dismiss under Rule 12(b)6 is denied.

Defendants' motion to dismiss under Rule 12(b)7 is denied; plaintiffs' theory of liability does not require the presence of additional parties.

The issue of certification of the class under Rule 23 need not be considered at this stage of the proceedings for the reasons stated orally on the record.

Trial is set for May 3, 1999 at 9:30 a.m., subject to summary judgment motions.

The parties shall limit discovery to the named plaintiffs and shall otherwise depend, insofar as possible, on documents from other litigations. The magistrate judge will assist the parties in reducing the transactional costs of this litigation to the extent practicable.

An immediate appeal from this order will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

SO ORDERED